# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JACQUELINE RAY,                         )
                                        )
              Plaintiff,      )   Case No.  2:11-cv-01814-MMD-CWH
                                        )
vs.                                     )   **ORDER**
                                        )
FIRST TRANSIT, et. al.,                 )
                                        )
              Defendant.      )
_____)

       Plaintiff Jacqueline Ray, proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a Complaint (Dkt. #1) on November 10, 2011.

## I.    *In Forma Pauperis* Application

       Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

## II.    Screening the Complaint

       Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

It appears Plaintiff is attempting to state a claim for race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., and age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. She seeks compensatory damages in excess of $10,000 and punitive damages in excess of $10,000, in addition to other forms of relief. Accordingly, this action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, which provides that United States district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, Title VII provides, "[e]ach United States district court . . . shall have jurisdiction of actions brought under this title." 42 U.S.C. § 2000e-5(f)(3).

Title VII allows a person to sue an employer for discrimination on the basis of race if she has exhausted both state and EEOC administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer. *Id.* If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-

to-sue letter, plaintiff may sue in federal or state court. *Id.* Here, Plaintiff has attached a Notice of Suit Rights letter from the EEOC dated August 12, 2011 and subsequently filed this action within 90 days. Thus, it appears Plaintiff has exhausted her administrative remedies.

However, Plaintiff has not provided adequate factual support for her claims. To state a claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79. In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Plaintiff generally alleges that she was discriminated against due to her race, age, and educational background, which resulting in her being denied advancements in the company at least ten times. She does not specify her race, age, how she was qualified for the jobs that she was denied, and how fellow employees who were not similarly situated were treated differently. Because Plaintiff has not provided sufficient factual support for her claims, the complaint must be dismissed. The dismissal will be without prejudice to Plaintiff and she may amend her complaint to include sufficient factual allegations to support her claims.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **granted**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the

noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 6th day of August, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**